IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Robert D. COOK, Attorney at Law.

Supreme Court

*No. 91-1088-D. Filed November 5, 1991.*

(Also reported in 476 N.W.2d 18.)

**PER CURIAM.** *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Robert D. Cook to practice law in Wisconsin be suspended for a period of 30 days as discipline for misconduct consisting of his failure to respond to inquiries of the Board of Attorneys Professional Responsibility (Board) into two grievances from clients. We determine that a license suspension for a minimum period is appropriate discipline for Attorney Cook's misconduct. However, because the minimum period of license suspension we impose is 60 days, we suspend Attorney Cook's license for that period of time, rather than the 30 days recommended by the referee.

Attorney Cook was licensed to practice law in Wisconsin in 1975 and practiced law in Green Bay until

September, 1986, when he moved to Texas. He has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney Cheryl Rosen Weston.

In the course of this proceeding, Attorney Cook entered into a stipulation with the Board of Attorneys Professional Responsibility in which he admitted that he did not address all of the issues raised in his written response to the Board's inquiry into a grievance of his client. Further, he failed to appear at a district professional responsibility committee meeting in the matter and failed to inform the committee of his inability to attend. In regard to a second grievance, Attorney Cook failed to file a written response, despite two written requests from the Board and two requests from the district committee.

The referee concluded that Attorney Cook's failure to respond to Board requests for information during the course of its investigation of two client grievances and his failure to appear at the district committee's investigative meeting constituted failure to cooperate with the Board in an investigation, in violation of SCR 21.03(4)[1] and 22.07(2).[2] In making a recommendation for disci-

[1]SCR 21.03 provides:

**General principles.**

. . .

(4)  Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[2]SCR 22.07 provides:

**Investigation.**

. . .

(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and

pline, the referee noted that in similar cases the court has imposed a public reprimand on the attorney. In this case, however, the referee was of the opinion that a public reprimand would be insufficient discipline to impress upon Attorney Cook the seriousness of his misconduct since he no longer practices in Wisconsin, where the reprimand would be publicized.

We agree. The circumstances of this case warrant the imposition of a license suspension for the minimum period as discipline for Attorney Cook's misconduct.

IT IS ORDERED that the license of Robert D. Cook to practice law in Wisconsin is suspended for a period of 60 days, commencing November 11, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order Robert D. Cook pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Robert D. Cook to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Robert D. Cook comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

■

circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.